# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

AHMAD FAWZI ISSA,                                   :

        Petitioner,                          :          Case No. 1-03-cv-280

                                  :          District Judge Sandra S. Beckwith
       -vs-                                          Chief Magistrate Judge Michael R. Merz

                                  :

MARGARET BRADSHAW, Warden,
                                  :

        Respondent.

---

## REPORT AND RECOMMENDATIONS

This matter is before the Court to determine the procedural status of several of Petitioner Ahmad Issa's[1] grounds for relief advanced in his Third Amended Petition for Writ of Habeas Corpus (Doc. No. 62). This case is ripe for decision on all issues presented by the parties. However, in the interest of judicial economy, the procedural issues addressed herein are recommended for decision before the remaining issues are addressed.

Respondent alleges Issa's third, ninth, thirteenth, fifteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-third, and twenty-seventh grounds for relief are procedurally defaulted, and that his ninth, tenth, and twenty-seventh claims are barred by the statute of limitations applicable to federal habeas corpus petitions under the Anti-Terrorist and Effective Death Penalty Act (herinafter "AEDPA"). (Return of Writ, Doc. No. 28; Second Amended Return of Writ, Doc. No. 73.) The Court will consider the claims alleged to be procedurally defaulted first, then turn its attention to the three grounds for relief Respondent argues are untimely under the statute of

---

[1]Issa's first name appears as "Ahmed" in most documents filed in these and previous proceedings, and as "Ahmad" with less frequency in the record. Having examined his signature on an affidavit he submitted in support of his state post-conviction relief petition (see Appendix, Vol. 3 at 99), and determined that he signed his name with the latter spelling, this Court will hereinafter caption all documents with the correct spelling of "Ahmad."

limitations contained in the AEDPA.[2]

The Sixth Circuit Court of Appeals has concisely set forth the guiding principles concerning

procedural default in the federal habeas corpus context as follows:

> [A] federal court will not hear a petitioner's claim if that claim is procedurally defaulted. This prohibition is derived from the principle that federal courts will not review a state court decision that rests on adequate and independent state grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A petitioner's failure to comply with a state procedural rule can constitute an independent and adequate state ground for not reviewing a decision based on the state procedural rule. *See id.* at 730. In determining whether a failure to comply with a state procedural rule precludes federal habeas review, this Court must undertake a four[-]step analysis of the state court's decision in its last explained judgment. *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). First, the Court must determine whether the petitioner failed to comply with an applicable state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Second, the Court must determine whether the state court actually enforce[d] that state procedural rule [in the petitioner's case]. *Id.* Third, the Court must consider whether the state procedural rule constituted an independent and adequate state ground. *Id.* If all of the above are met, then the burden is on the petitioner to demonstrate that he had "cause" not to follow the state procedural rule and that he suffered prejudice. *Id.*; *see Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977). "Cause" requires a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Importantly, ineffective assistance of counsel can constitute "cause," so long as that ineffective assistance of counsel claim is not itself procedurally defaulted. *Id.* at 489[, *see also*, *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)]. "Prejudice" requires a showing that the errors at trial "worked to [the petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 168 [sic[3]](1982).

*Haliym v. Mitchell*, 492 F.3d 680, 690-91 (6th Cir. 2007). The Court is mindful of these principles

---

[2]Respondent argues that Issa's ninth ground for relief was amended to his petition beyond the AEDPA's one-year statute of limitations, and that it is also procedurally defaulted. Because the Court agrees with Respondent in the first argument, there is no reason to address the second. Respondent also contends Issa's twenty-seventh ground for relief is both procedurally defaulted and out of time under the AEDPA's statute of limitations; that claim, however, will be addressed first as to its procedural status, then as to its timeliness.

[3]The quoted passage actually appears on page 170.

as it considers the procedural posture of Issa's claims.

## PROCEDURAL DEFAULT

**Third Ground for Relief**

In his third ground for relief, Issa contends his trial counsel provided ineffective assistance in the penalty phase of his trial. (Doc. No. 62 at 17-21.) Specifically, he claims his trial counsel failed to perform an adequate mitigation investigation; failed to call available mitigation witnesses, namely Issa's family members other than the two who did testify in mitigation; admitted Issa's mother was biased in favor of her son; failed to prepare a mitigation witness; and failed to present evidence respecting Issa's life through his two ex-wives. *Id.* Respondent argues the claim is procedurally defaulted because when Issa presented it to the state courts in his post-conviction proceedings, it was denied on *res judicata* grounds. (Doc. No. 28 at 46.) Issa disputes whether the state courts actually relied on the doctrine of *res judicata*, and claims that regardless of the trial court's resolution of the claim, the state court of appeals addressed it on its merits, thereby reviving the claim for habeas corpus review purposes. (Doc. No. 41-1 at 30.)

Issa presented claims of ineffective assistance of trial counsel in the mitigation phase of his trial as his third, seventh, eighth, and ninth claims for relief in his state post-conviction petition.[4] The post-conviction trial court found that Issa's third post-conviction claim could have been brought on direct appeal and that it was also nothing more than an alternative theory of mitigation; it denied the claim on those bases. (Appendix, Vol. 5 at 307-8.) The seventh, eighth, and ninth claims for relief

---

[4]Here, the parties state that the issue was raised in the third claim for relief in Issa's state post-conviction proceedings (Third Amended Petition, Doc. No. 62 at 21; Return of Writ, Doc. No. 28 at 46), but that claim related only to counsel's failure to adequately prepare and present Sarah Issa's testimony in the mitigation phase (Appendix, Vol. 5 at 110-12). The other instances of Issa's trial attorneys' alleged ineffectiveness in the mitigation phase contained in his third ground for relief in these proceedings appear in his seventh, eighth, and ninth claims for relief in his state petition for post-conviction relief. *Id.* at 121-28.

were also denied because the state court found them to be matters involving trial strategy or an alternative theory of mitigation, neither of which entitled Issa to relief. *Id*. at 308-9.

On appeal from the trial court's denial of his petition for post-conviction relief, Issa argued that the third, eighth, and ninth claims for relief relied upon evidence from outside the record, and so could not have been brought on direct appeal. (Appendix, Vol. 7 at 140-41.) Therefore he asserted the trial court's reliance on the doctrine of *res judicata* in dismissing those claims was erroneous. *Id*. He also argued against the *res judicata* bar respecting his seventh claim for relief, but recognized that the claim was denied because the trial court found it to be a matter of trial strategy. (Appendix, Vol. 7 at 141-42.) The court of appeals mentioned the general rule respecting *res judicata* in its discussion of the trial court's handling of Issa's third, eighth, and ninth post-conviction claims for relief, but did not clearly rely upon that state procedural rule in overruling Issa's assignment of error. *State v. Issa*, No. C-000793, 2001 WL 1635592 at *3-4 (Ohio Ct. App. 1st Dist. Dec. 21, 2001)(unreported). Instead, the court found that the evidence Issa presented was insufficient to show ineffective assistance of counsel. *Id*. at *4. The court also agreed with the post-conviction trial court's determination that Issa's seventh claim for relief merely presented an alternative theory of mitigation which provided no substantive grounds for post-conviction relief. *Id*. On appeal, the Ohio Supreme Court declined jurisdiction without comment. *State v. Issa*, 95 Ohio St. 3d 1422, 766 N.E.2d 162 (2002)(table).

Issa's third ground for relief in these proceedings is not procedurally defaulted. First, the essence of the third ground for relief is that trial counsel failed to present certain evidence or to prepare particular witnesses in the mitigation phase of his trial. The state trial court held that at least part of Issa's claim could have been raised on direct appeal, and the court of appeals alluded to the state procedural rule of *res judicata* in its opinion, as stated above. Each instance of alleged ineffective assistance of counsel in Issa's third ground for relief, however, requires for its proof

evidence from outside the record.  For instance, Issa's claim that his attorneys had not properly prepared his mother for her testimony in the mitigation phase requires him to demonstrate how her testimony would have been different had she been adequately prepared, evidence not in the trial record.  Similarly, claims that trial counsel were ineffective for failing to call this or that witness in mitigation necessarily requires resort to evidence outside the record to demonstrate what the witnesses would have testified to had they been called at trial.  Ohio law does not permit evidence to be added to the record on direct appeal.  *See* Ohio R. App. Proc. 9(A), 16(A)(7).  Thus, Issa could not have appropriately raised these claims of trial counsel's ineffectiveness on direct appeal, and instead he properly presented them to the state courts in his post-conviction proceedings.

Ordinarily, when a state court relies upon an independent and adequate state procedural rule in rejecting a claim in direct appeal, post-conviction proceedings, or in an application to reopen a direct appeal, the claim is procedurally defaulted for federal habeas corpus purposes.  *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  In *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001), however, the Sixth Circuit Court of Appeals concluded that "when the record reveals that the state court's reliance upon its own rule of procedural default is misplaced, we are reluctant to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded."  *Hill v. Mitchell*, 400 F.3d 308, 314 (6th Cir. 2005).  When such circumstances arise, the district court is permitted to conduct *de novo* review on the merits of the claim.  *Id.*  Consequently, even assuming the post-conviction trial court in Issa's case applied the state's *res judicata* rule to the relevant ineffective assistance of trial counsel claims set forth in his third, seventh, eighth, and ninth claims for relief, the rule was misapplied, and this Court is not bound by the state's finding of procedural default for habeas corpus review purposes.  Thus, the first prong of the *Maupin* test, requiring Issa's failure to comply with a state procedural rule, has not been satisfied.

Further, this Court is not convinced that the state court of appeals enforced the *res judicata*

rule, even if it were applicable to Issa's post-conviction claims of ineffective assistance of trial counsel.  That the appellate court acknowledged the existence of the rule is clear.  *State v. Issa*, No. C-000793, 2001 WL 1635592 at *3 (Ohio Ct. App. 1st Dist. Dec. 21, 2001)(unreported) Acknowledgement, however, is not synonymous with application, and in fact, the court of appeals' observation respecting the *res judicata* rule comes in a paragraph which begins, "As to the merits of these claims . . . ." *Id.*  In addition, after noting that ineffective assistance of trial counsel claims are generally raised on direct appeal, the court states that "the issue **would be** *res judicata*," not that it **is** *res judicata*. *Id.*(emphasis supplied)  The state court's use of the subjunctive mood precludes this Court's conclusion that the court actually enforced its *res judicata* rule.  Consequently, the second prong of *Maupin*, requiring that the state courts actually enforce its procedural rule, has not been established.

Because this Court finds neither the first nor second prongs of the Maupin test have been satisifed, there is no reason to consider whether the third or fourth have been demonstrated.  Issa's third ground for relief is not procedurally defaulted.  The merits of the claim will be evaluated in a future Report and Recommendations.

**Thirteenth Ground for Relief**

In his thirteenth ground for relief, Issa contends he was incompetent to stand trial because of his limited proficiency in the English language.  (Third Amended Petition, Doc. No. 62 at 68-69.) Respondent argues that the Ohio Supreme Court "indirectly" considered Issa's claim as one underlying an ineffective assistance of counsel claim in Issa's direct appeal.  (Return of Writ, Doc. No. 28 at 108; Appendix, Vol. 2 at 79-81.)  Here, however, Issa's claim is not that his counsel were ineffective for failing to assert his incompetence at trial, but instead raises the issue of his competency as a free-standing claim.  Issa correctly notes that he also raised the competency claim as his nineteenth claim for relief in his state post-conviction petition.  (Appendix, Vol. 5 at 156.)  The state

post-conviction court determined that the claim was barred by the doctrine of *res judicata* (Appendix, Vol. 5 at 310), and the court of appeals affirmed on that same ground, *State v. Issa*, No. C-00793, 2001 WL 1635592 (Ohio App. 1st Dist. Dec. 21, 2001)(unreported).  The Ohio Supreme Court declined jurisdiction.  *State v. Issa*, 95 Ohio St. 3d 1422, 766 N.E.2d 162 (2002)(table).

Issa did not raise the instant claim on direct appeal, and the state court's consideration of it to the extent necessary to resolve Issa's ineffective assistance of counsel claim is not enough to preserve his claim of incompetence for habeas corpus review.  In addition, the state post-conviction trial court's conclusion that Issa had actually raised the claim on direct appeal is clearly erroneous. (*See* Appendix, Vol. 5 at 310.)  Moreover, the nature of Issa's claim makes it particularly appropriate for consideration by the post-conviction court because it necessarily relies upon evidence that would not appear in the trial record.  Evidence showing that Issa could speak passable English, but could not understand his trial counsel's explanations of trial procedures, for instance, would not be in the trial record.  Similarly, evidence that his understanding of trial procedure and witnesses' testimonies was compromised due to the language barrier, or that he would have made different decisions concerning his defense if he had a better understanding of English would not appear in the trial record.  Without commenting on their relevance or credibility, it is noted that Issa did in fact submit exhibits to the post-conviction trial court that contain evidence from outside the trial record that purport to support his claim.  (*See* Appendix, Vol. 3 at 100-105, 184-87.)

The Sixth Circuit Court of Appeals has stated that "when the record reveals that the state court's reliance upon its own rule of procedural default is misplaced, we are reluctant to conclude categorically that federal habeas review of the purportedly defaulted claim is precluded."  *Hill v. Mitchell*, 400 F.3d 308, 314 (6th Cir. 2005), *quoting Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001).  Thus, because the state court misapplied its own *res judicata* rule respecting Issa's competency claim, this Court is not precluded from considering the merits of the claim *de novo*.  *Hill*,

400 F.3d at 314. Accordingly, Issa's thirteenth ground for relief is not procedurally defaulted and its merits will be considered in a later Report.

**Fifteenth Ground for Relief**

In his fifteenth ground for relief, Issa contends his federal constitutional rights were violated by state authorities when they failed to inform him of his right of access to the Jordanian consul under the Vienna Convention on Consular Relations after he had been arrested. (Third Amended Petition, Doc. No. 62 at 72-76.) Respondent argues the claim is procedurally defaulted because the Ohio Supreme Court found the issue had not been raised at trial and was therefore subject to plain error review only, which does not constitute a decision on the merits of the claim. (Return of Writ, Doc. No. 28 at 118.) Issa disputes Respondent's defense of procedural default, but states in the alternative that if the claim is defaulted, the default should be excused due to trial counsel's ineffectiveness. (Traverse, Doc. No. 41-1 at 141.)

Issa raised the Vienna Convention issue as his first proposition of law on direct appeal to the Ohio Supreme Court. (Appendix, Vol. 2 at 72-74.) Although the record before that court did not reflect whether Issa had been advised of his right to consular access, the court assumed he had not been so advised for purposes of the appeal. *State v. Issa*, 93 Ohio St. 3d 49, 54 n.1, 752 N.E.2d 904 (2001). The appellate court observed that Issa had never raised the issue in the trial court, and that all but plain error was consequently waived. *Id.* at 56. After engaging in plain error review, the Ohio Supreme Court overruled Issa's claim, concluding that even if suppression were the proper remedy for a violation of a suspect's Vienna Convention right to consular access and the trial court had erroneously admitted Issa's post-arrest statement, the outcome of the trial would not have been otherwise had the statement been excluded. *Id.* at 56-57. In short, the court found no plain error, and it overruled Issa's claim on that basis. *Id.* at 57.

Although the Latin term itself was not mentioned, the procedural rule enforced by the state

court was one of *res judicata*, which provides that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) (paragraph nine of the syllabus).  Issa does not take issue with the existence of the state's procedural rule (Traverse, Doc. No. 41-1 at 144), but contends it was not unambiguously enforced in his case and that it is questionable whether the rule is firmly established and regularly followed in the state.  *Id*. at 142-45.

In support of his argument that the Ohio Supreme Court did not unequivocally enforce the state procedural rule in his case, Issa cites first to the court's summary of its findings prior to its discussion of each proposition of law.  (Traverse, Doc. No. 41-1 at 143.)  Specifically, Issa contends that the court's statement that it had reviewed each of Issa's fifteen propositions of law and found that none of them justified reversal of his conviction proves that the state court did not enforce a procedural bar respecting his Vienna Convention claim.  *Id*. at 143-44.  Because the state court extensively addressed Issa's Vienna Convention consular access claim immediately following its summary, however, this Court does not accept  Issa's argument.  *See State v. Issa*, 93 Ohio St. 3d 49, 54-57, 752 N.E.2d 904 (2001).  Furthermore, the court's opinion leaves little doubt that it enforced the *res judicata* bar concerning Issa's consular access claim and that the court addressed the merits of that claim only to the extent necessary to its determination of whether there was plain error.  *Id*.

Next, Issa argues that it is "questionable whether the plain error rule is firmly established and regularly followed so as to act as a bar" to his Vienna Convention claim.  (Traverse, Doc. No. 41-1 at 144-46.)  The rule being enforced, however, is the one articulated in *Perry*, *supra*, which states that

any issue that could have been raised at trial and was not is barred from being raised in later proceedings with the exception of errors that constitute plain error, otherwise known as the doctrine of *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967)(paragraph seven of the syllabus), is an independent and adequate state procedural ground. *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Coleman v. Mitchell,* 268 F.3d 417, 427 (6th Cir. 2001), *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994), and *Riggins v. McMackin,* 935 F. 2d 790 (6th Cir. 1991). Also, the Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112, 114, 443 N.E.2d 169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 18, 423 N.E.2d 1068 (1981). Thus, Issa's argument to the contrary is unavailing, and his Vienna Convention consular access claim is consequently procedurally defaulted.

Issa's only salvation from the default, therefore, must come from a demonstration of cause for the default and prejudice therefrom. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). He attempts to make such demonstration by arguing that his trial counsel's ineffectiveness excuses the default.[5] (Traverse, Doc. No. 41-1 at 151.) To constitute cause, Issa's ineffective assistance of trial counsel claim must also have been preserved for habeas review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Issa did not raise trial counsel's ineffectiveness respecting the Vienna Convention issue as error on direct appeal. (Appendix, Vol. 2 at 53-56.) Nor did he present that claim as error in his post-conviction relief petition. (Appendix, Vol. 5 at 95-166.) Moreover, Issa does not contend in these proceedings that his trial counsel were ineffective for failing to bring the Vienna Convention issue to the state court's attention at trial, except to assert it as cause for the default of the underlying

---

[5]Although Issa mentions generally that ineffective assistance of appellate counsel may also constitute cause to excuse a procedural default (Traverse, Doc. No. 41-1 at 152), the Court does not read that acknowledgment as raising appellate counsel's performance to advance it as cause for the default of Issa's Vienna Convention claim or his ineffective assistance of trial counsel claim he advances as cause for the default. In any case, Issa did not raise appellate counsel's ineffectiveness for failing to raise trial counsel's ineffectiveness respecting the Vienna Convention issue as one of the claims appellate counsel should have raised on direct appeal in his application to reopen his direct appeal. (Appendix, Vol. 2 at 381-91.) Finally, Issa does not claim in these proceedings that his appellate counsel were ineffective for failing to raise as error trial counsel's ineffectiveness concerning the Vienna Convention issue. (Third Amended Petition, Doc. No. 62 at 39-61.)

claim. In other words, Issa's first mention of his trial counsel's ineffectiveness with regard to the Vienna Convention matter is to claim it provides cause for the default of his fifteenth ground for relief. Since he has not preserved the ineffective assistance of trial counsel claim, it cannot serve as cause to excuse the default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

Issa procedurally defaulted his Vienna Convention claim, and has not demonstrated cause for the default. That being the case, there is no reason for the Court to address whether Issa was prejudiced by the failure of authorities to inform him of his right to consular access. Issa's fifteenth ground for relief should be denied.

**Seventeenth Ground for Relief**

In his seventeenth ground for relief, Issa contends that his indictment was "returned by an improperly constituted grand jury and upon inadequately presented evidence." (Third Amended Petition, Doc. No. 62 at 79.) Respondent argues that the claim is procedurally defaulted because when it was presented to the Ohio Supreme Court on direct appeal, the court conducted plain error review, which as noted above, does not preserve a claim for habeas corpus review. (Return of Writ, Doc. No. 28 at 131.)

The Ohio Supreme Court never used the term "plain error" in its discussion of Issa's claim. *State v. Issa*, 93 Ohio St. 3d 49, 61-62, 752 N.E.2d 904 (2001). What the court did say was that "Appellant failed to raise these issues in the trial court and therefore he has waived them." *Id*. at 61. The court then went on to observe that "even if it were properly before this court" and "even if it had been properly preserved," the claim would have failed. *Id*. at 61-62.

Issa disagrees that the state court's review was for plain error, noting that the court's opinion instead found the claim waived. (Traverse, Doc. No. 41-1 at 162-63.) He contends that under Ohio law, the court's use of the term "waived" rather than "plain error" establishes prejudice from the

alleged error, and consequently, he need only show cause for the default for it to be excused for habeas corpus purposes. *Id*. Issa suggests the ineffectiveness of his trial counsel establishes cause for the default, but goes no further toward demonstrating his assertion. *Id*. at 163.

A review of the record in Issa's case, however, reveals that Issa has never raised the issue of his trial counsel's ineffectiveness based on their failure to challenge the make up of the grand jury or the adequacy of the evidence presented to the grand jury. Although he raised the grand jury and evidentiary issues themselves as free-standing claims in both his direct appeal (Appendix, Vol. 2 at 92-94), and in his post-conviction proceedings (Appendix, Vol. 5 at 160-61), he never before contended that his trial counsel were ineffective in not raising those matters at trial. In addition, he did not claim any ineffectiveness on the part of his appellate counsel based on their failure to raise trial counsel's ineffectiveness respecting the grand jury issues. (*See* Application for Reopening, Appendix, Vol. 2 at 381-91.) Since Issa has not preserved the ineffective assistance of trial counsel claim he now contends provides cause for his procedural default of the underlying grand jury claim, it cannot establish cause for the default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Thus, default of the grand jury claim cannot be excused because of his trial counsel's alleged ineffectiveness.

In an attempt to avoid the default, Issa also challenges whether the state actually enforced its procedural rule in his case. (Traverse, Doc. No. 41-1 at 163-64. After acknowledging that a state procedural rule applicable to his claim exists, and that he failed to follow the rule, Issa states that it is "open to debate" whether the state court enforced the procedural rule, and concludes that the rule is not an independent and adequate procedural ground which can foreclose habeas review. *Id*. Issa immediately moves on to argue the merits of his claim. *Id*.

The state procedural rule at issue is the same one discussed in the Court's consideration of the procedural status of Issa's fifteenth ground for relief, namely *res judicata*. As noted there, federal

courts have found the state procedural rule to be an independent and adequate state ground upon which to base the procedural default of a claim in habeas corpus. Thus, Issa's claim is procedurally defaulted and, having failed to demonstrate cause for the default, his claim is not amenable to habeas corpus review. For that reason, it should be denied.

**Eighteenth Ground for Relief**

In his eighteenth ground for relief, Issa contends pretrial publicity deprived him of a fair trial and a reliable sentencing determination. (Third Amended Petition, Doc. No. 62 at 82-83.) Respondent argues that the Ohio Supreme Court found the claim waived on direct appeal due to Issa's failure to request a change of venue before trial, and that the claim is consequently procedurally defaulted. (Return of Writ, Doc. No. 28 at 135-36.) Once again, Issa offers his trial counsel's ineffectiveness as a cause for the default, and as before, Issa never presented that claim to the state courts. Consequently, trial counsel's ineffectiveness cannot provide cause for any procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

As Respondent contends, Issa did present his pretrial publicity claim to the Ohio Supreme Court on direct appeal. (Appendix, Vol. 2 at 95.) In overruling Issa's proposition of law, that court held that the claim had been waived because Issa had never requested a change of venue. *State v. Issa*, 93 Ohio St. 3d 49, 62, 752 N.E.2d 904 (2001).

The state procedural rule at issue here is the same one discussed in the Court's consideration of the procedural status of Issa's fifteenth and seventeenth grounds for relief, namely *res judicata*. As noted there, federal courts have found the state procedural rule to be an independent and adequate state ground upon which to base the procedural default of a claim in habeas corpus. Thus, Issa's claim is procedurally defaulted and, having failed to demonstrate cause for the default, his claim is not amenable to habeas corpus review. For that reason, it should be denied.

**Nineteenth Ground for Relief**

In his nineteenth ground for relief, Issa contends constitutional error resulted from the flawed grand jury foreperson selection process in Hamilton County, Ohio. (Third Amended Petition, Doc. No. 62 at 83-84.) Respondent counters that Issa failed to preserve the claim in the state courts, rendering it procedurally defaulted. (Return of Writ, Doc. No. 28 at 139.) Issa makes the same arguments against procedural default as he advanced for his seventeenth and eighteenth grounds for relief. (Traverse, Doc. No. 41-1 at 170-71.)

In the state courts, Issa raised the underlying claim, that of the geographic, racial, cultural, and socioeconomic homogeneity of grand jury forepersons in Hamilton County, in his direct appeal (Appendix, Vol. 2 at 98), and in his petition for post-conviction relief (Appendix, Vol. 5 at 160-61). On direct appeal, the claim was overruled by the Ohio Supreme Court because Issa had not raised it at trial, and it was therefore waived. *State v. Issa*, 93 Ohio St. 3d 49, 62, 752 N.E.2d 904 (2001). The post-conviction trial court concluded that the claim was *res judicata* as it had been raised on direct appeal. (Appendix, Vol. 5 at 311.) Issa pursued an appeal from that decision, and while ultimately affirming the *res judicata* bar, the court of appeals elaborated on its reasoning, stating that the materials submitted in post-conviction to support the claim were available at the time of Issa's trial and could have been presented at that time. *State v. Issa*, No. C-000793, 2001 WL 1635592 at *6 (Ohio App. 1st Dist. Dec. 21, 2001)(unreported). Consequently, the claim was found to be barred by the doctrine of *res judicata*. Thus, in neither proceeding did the state courts address the merits of Issa's claim.

Issa contends the ineffectiveness of his trial counsel provides cause for his default, and that the state court's reliance on the rule of "waiver" makes demonstration of prejudice unnecessary. (Traverse, Doc. No. 41-1 at 171.) But Issa never preserved the issue of trial counsel's ineffectiveness based on their failure to raise the underlying claim at trial, a prerequisite to counsel's ineffectiveness

establishing cause for default of the underlying claim. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

The state procedural rule at issue here is the same one discussed in the Court's consideration of the procedural status of Issa's fifteenth, seventeenth, and eighteenth grounds for relief, namely *res judicata*. As noted there, federal courts have found the state procedural rule to be an independent and adequate state ground upon which to base the procedural default of a claim in habeas corpus. Thus, Issa's claim is procedurally defaulted and, having failed to demonstrate cause for the default, his claim is not amenable to habeas corpus review. For that reason, it should be denied.

**Twentieth Ground for Relief**

In his twentieth ground for relief, Issa contends his constitutional right to a fair trial was violated by the trial court's failure to provide funds for an investigator to assist in his defense. (Third Amended Petition, Doc. No. 62 at 84-86.) Respondent argues that Issa's claim is procedurally defaulted because, when it was presented to the state court of appeals on direct appeal, the court determined that Issa had never requested funds for an investigator, and that the claim was consequently barred by the doctrine of *res judicata*. (Return of Writ, Doc. No. 28 at 142.) Issa claims the state court addressed the merits of his claim, which preserves it for habeas corpus review. (Traverse, Doc. No. 41-1 at 174-75.)

Issa did indeed raise the claim as his ninth proposition of law on direct appeal to the Ohio Supreme Court. (Appendix, Vol. 2 at 99.) The state court first noted that Issa had not requested funds for an investigator at trial, then declared it "need not consider an error when the complaining party did not call the matter to the trial court's attention." *State v. Issa*, 93 Ohio St. 3d 49, 63, 752 N.E.2d 904 (2001). While not employing the term "*res judicata*" in its determination, the court's words state the rule and cites an Ohio case which applies the same rule without naming it explicitly. *Id*., *citing State v. Williams*, 51 Ohio St. 2d 112, 364 N.E.2d 1364 (1977)(paragraph one of the

syllabus), *vacated in part on other grounds*, *Williams v. Ohio*, 438 U.S. 911 (1978).

Issa contends that the state court's discussion of the merits of his claim amounts to a decision on the merits, making his claim amenable to habeas corpus review.  (Traverse, Doc. No. 41-1 at 174-75.)  Issa rests that argument on the following excerpt from the court's opinion:

> The circumstances surrounding this case do not support [A]ppellant's assertion that the lack of . . . experts resulted in an unfair trial.
>
> . . .
>
> The cause of [the victim's] death was clear, and the crime scene evidence did not suggest justifiable homicide.  In addition, the fact that [co-defendant Andre] Miles was the actual killer was not in question.  Moreover, the record reveals a thorough, professional, and well-documented autopsy and police investigation.  For these reasons, [A]ppellant would have been unable to make the particularized showing required by *Mason*.  Thus, if [A]ppellant had filed a motion for funds for these experts the trial court would have been justified in denying it.

*State v. Issa*, 93 Ohio St. 3d 49, 63, 752 N.E.2d 904 (2001).

The United States Supreme Court has long held that it "will not consider an issue of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed*, 489 U.S. 255, 260 (1989), *citing Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935), and *Murdock v. City of Memphis*, 87 U.S. 590, 635-36 (1875).  In *Wainwright v. Sykes*, 433 U.S. 72, 81, 87 (1977), the Court held that the adequate and independent state ground doctrine applies in federal habeas corpus cases as well.  If the last state court to consider a habeas petitioner's claim rested its judgment on the procedural default, habeas review is precluded.  *Harris*, 489 U.S. at 262.  Recognizing that determining whether the state court has rested its decision on a procedural default can sometimes be difficult, the Court held that the last state court rendering a judgment in the

case must have "clearly and expressly" stated its reliance on a state procedural bar. *Id*. at 263.

In *Harris*, the warden urged the Court to adopt a rule providing that when a state court ruling is ambiguous as to whether the state court relied on an independent and adequate state procedural rule, a federal habeas court should presume reliance on the state procedural rule. *Id*. at 263-64. Instead, the Court imported the "plain statement" requirement from *Michigan v. Long*, 463 U.S. 1032, 1042 (1983), into the habeas corpus context. *Harris*, at 264-65. Applying the rule in Harris' case, the Court noted that the state court's acknowledgment that Harris' claim "could have been raised [on] direct appeal" fell short of an explicit reliance on a state-law ground. *Id*. at 266. Thus, reference to a state procedural rule without reliance upon it does not preclude habeas corpus review, especially where the state court goes on to reject the claim on the merits. *Id*. at 266, n.13.

Here, there is some question whether the state court relied on the doctrine of *res judicata* in overruling Issa's claim on direct review. As noted above, the state court did not explicitly rely on the procedural rule, and instead only remarked that an error not brought to the trial court's attention need not be addressed on direct appeal. *State v. Issa*, 93 Ohio St. 3d 49, 63, 752 N.E.2d 904 (2001). On the other hand, the state court's discussion of the merits of Issa's claim are stated in the subjunctive: "[Issa] *would have* been unable to make the particularized showing required . . . ."; and "[*I*]*f* [A]ppellant had filed a motion for funds for . . . experts the trial court *would have* been justified in denying it." *Id*. (emphasis added). While it is anyone's guess whether the state court relied on a procedural ground or decided Issa's claim on its merits, it is quite apparent that the state court did not "clearly and expressly" state any reliance on a state procedural rule. Consequently, the claim is not procedurally defaulted for habeas corpus purposes. The merits of Issa's claim will be addressed in a subsequent Report and Recommendations.

**Twenty-third Ground for Relief**

In his twenty-third ground for relief, Issa contends he was deprived of a fair trial by the trial

court's erroneous instructions to the jury.  (Third Amended Petition, Doc. No. 62 at 89-93.)
Respondent claims the Ohio court determined the issue was barred by the doctrine of *res judicata*,
and that it is consequently procedurally defaulted.  (Return of Writ, Doc. No. 28 at 154.)  Issa
disputes that the application of *res judicata* to his claim was appropriate, and in the alternative, that
if the claim is procedurally defaulted, his trial counsel's ineffective assistance provides cause to
excuse the default.  (Traverse, Doc. No. 41-1 at 180-84.)

Issa raised the instant issue in the state court as his eighteenth claim for relief in his state
petition for post-conviction relief.  (Appendix, Vol. 5 at 153.)  The post-conviction trial court
concluded that the claim was barred by the doctrine of *res judicata*, and in the alternative that a
similar claim had previously been rejected by the Hamilton County Court of Appeals.  (Appendix,
Vol. 5 at 303.)  Issa pursued an appeal to the court of appeals, and that court overruled Issa's
assignment of error on grounds identical to those relied upon by the trial court.  *State v. Issa*, No. C-
000793, 2001 WL 1635592 (Ohio App. 1st Dist. Dec. 21, 2001)(unreported).  The Ohio Supreme
Court declined jurisdiction over Issa's subsequent appeal to that court.  *State v. Issa*, 95 Ohio St. 3d
1422, 766 N.E.2d 162 (2002)(table).

Issa argues that because he submitted evidence from outside the trial record of his case,
specifically, the affidavit of Dr. Michael Geis, Professor of Linguistics at the Ohio State University,
in support of his claim, the Ohio courts should not have applied the *res judicata* bar to his claim.
(Traverse, Doc. No. 41-1 at 181-82.)  He cites *State v. Cole*, 2 Ohio St. 3d 112, 114, 443 N.E.2d 169
(1982), for the proposition that generally, the introduction of evidence of counsel's ineffectiveness
from outside the record is sufficient to at least avoid dismissal of a claim on *res judicata* grounds.
(Traverse, Doc. No. 41-1 at 181.)  A general observation, however, is not enough to establish the
universality of the proposition.  Moreover, Issa is not asserting an ineffective assistance of counsel
claim in the instant ground for relief.  Instead, he claims the jury instructions were fatally flawed and

deprived him of a fair trial.  Thus, the Ohio Supreme Court's statement in *Cole* does Issa little good.

Issa also contends that since his claim in the state court rested upon evidence from outside the record, it could not have been brought on direct appeal, and that the state court's application of the *res judicata* bar was consequently improper.  (Traverse, Doc. No. 41-1 at 182.)  Several Ohio courts of appeals, however, have found that inclusion of a linguistics professor's affidavit in post-conviction proceedings does not inoculate the petitioner's claim from the *res judicata* bar.  *See e.g.*, *State v. Ahmed*, No. 95-BE-15, 2006 WL 3849862 at *19 (Ohio App. 7th Dist. Dec. 28, 2006)(unreported); *State v. Hughbanks*, No. C-010372, 2003 WL 131937 at *4-5 (Ohio App. 1st Dist. Jan. 17, 2003)(unreported); *State v. Phillips*, No. 20692, 2002 WL 274637 at *9 (Ohio App. 9th Dist. Feb. 27, 2002)(unreported).  In each case, the Ohio courts determined that the linguistics professor's opinion on the relative accuracy and clarity of the challenged jury instructions could have been presented at trial.  *Ahmed*, 2006 WL 3849862 at *19; *Hughbanks*, 2003 WL 131937 at *4-5; *Phillips*, 2002 WL 274637 at *9.  Since the evidence in support of the claim could have been presented in the course of the trial, so could the claim itself, and since it was not, the claim was barred from presentation to the state post-conviction court by the doctrine of *res judicata*.  *Ahmed*, 2006 WL 3849862 at *19; *Hughbanks*, 2003 WL 131937 at *4-5; *Phillips*, 2002 WL 274637 at *9.  The same is true in Issa's case.  Thus, that Issa presented some evidence from outside the record to support his post-conviction claim is not enough; he must have presented evidence that was not available to him at trial.  Issa does not contend that to be the case, and as such, the state courts' findings that his claim was barred by *res judicata* grounds in post-conviction is correct.[6]  As noted above, *res judicata* is an

---

[6]Issa includes the following quotation to support his argument that the *res judicata* bar did not apply to his claim in the state courts:

> [A] question remains whether *res judicata* is applicable to this case, since "this record does not disclose that the issue of [misleading jury instructions] has been adjudicated" [sic] * * * Of course, had the Court of Appeals considered this issue on the merits, and ruled adversely to the defendant, the issue would have been adjudicated against him and such an allegation in a post-conviction petition would have been improper since it would have been *res judicata* pursuant to the *State v. Perry* rule"
> *State v. Hester*, (1976) 45 Ohio St. 2d 71, 75.

(Traverse, Doc. No. 41-1 at 182.)  Left out of the quotation where the asterisks appear is the following sentence: "*This decision*

independent and adequate state ground upon which to base default of a claim.  In addition, the state courts actually applied the rule to Issa's claim.  Consequently, Issa's claim is procedurally defaulted.

Issa claims his trial counsel's ineffectiveness in not bringing the misleading jury instructions to the trial court's attention provides cause for his default.  (Traverse, Doc. No. 41-1 at 183.)  Issa has never claimed, however, that his trial counsel provided ineffective assistance when they failed to bring the allegedly misleading jury instructions to the attention of the trial court.  His trial counsel's ineffectiveness, therefore, cannot establish cause for Issa's default of the underlying improper jury instruction claim.  *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).  Having failed to demonstrate cause, there is no reason for the Court to determine whether Issa has suffered prejudice from the claimed error.

Issa's twenty-third ground for relief is procedurally defaulted, and no cause to excuse the default has been shown.  Accordingly, Issa's claim should be denied.

## Twenty-seventh Ground for Relief

In his twenty-seventh ground for relief, Issa contends his appellate counsel were ineffective because one of them labored under a conflict of interest caused by his appointment to represent Andre Miles, the actual killer in the murder-for-hire scheme, in his appeal as well as his appointment to represent Issa in his appeal.  (Third Amended Petition, Doc. No. 62 at 113-15.)  Respondent argues

---

*must be strictly limited to its facts*, to-wit:  To situations in which the Court of Appeals, on direct appeal of the case, declines to consider the merits of the allegation of inadequacy of counsel for the reason that same had not been raised at any stage of the trial court proceedings."  *Hester*, 45 Ohio St. 2d at 75 (emphasis added).  Also, in the passage quoted by Issa, he substitutes "misleading jury instructions" where the Ohio Supreme Court wrote "competent counsel."  *Id*. Furthermore, the Ohio Supreme Court has since acknowledged that since the rule of *res judicata* was articulated in *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E.2d 226 (1967), it has recognized an exception to that rule in cases where a post-conviction petitioner claims ineffective assistance of counsel.  *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E.2d 169 (1982). In *Cole*, the court curtailed its statement in *Hester* in a way not relevant in Issa's case, but nevertheless reiterated the court's determination that the exception to *Perry* is strictly restricted to claims of ineffective assistance of counsel.  This Court has found no case in which the Ohio Supreme Court has extended the exception to claims involving misleading jury instructions, as Issa implicitly contends in his argument.

the claim is both procedurally defaulted, and untimely under the AEDPA's statute of limitations on habeas actions. (Amended Return of Writ, Doc. No. 73 at 2-5.) The claim was included in Issa's petition for habeas relief after the filing of his traverse, and he never filed an amendment or supplement to his traverse to argue the claim. Consequently, the Court does not have the benefit of Issa's arguments respecting the procedural status of his twenty-seventh ground for relief.

Issa filed his second application to reopen his direct appeal in the Ohio Supreme Court on April 22, 2005. *State v. Issa*, No. 98-2449, 2005 WL 5353626 (Ohio Apr. 22, 2005)(Application to Reopen). There Issa stated that on March 23, 2005, he first discovered his appellate counsel's representation of Andre Miles during Miles' direct appeal. *Id*. at *2-3. On June 29, 2005, the Ohio Supreme Court denied Issa's application because he "failed to comply with the 90-day filing deadline in S.Ct.Prac.R. XI(6)(A), and because second or successive applications for reopening are not permitted under the rule." *State v. Issa*, 106 Ohio St. 3d 1407, 830 N.E.2d 342 (2005)(table).

The Sixth Circuit Court of Appeals has recently noted that the Ohio Supreme Court has been erratic in its enforcement of the timeliness requirement respecting applications to reopen direct appeals. *Franklin v. Anderson*, 434 F.3d 412, 420 (6th Cir. 2006). The court noted that "[f]or several years following the enactment of . . . Rule 26(B)[, the intermediate state appellate court's rule equivalent to S.Ct.Prac.R. XI(6)(A)], the Ohio Supreme Court regularly enforced the rule's timeliness requirements," citing nine cases spanning the years between 1995 and 2000. *Franklin*, 434 F.3d at 420. The court went on to observe, however, that in 2000 the state supreme court began addressing applications to reopen on their merits in spite of their untimeliness, even when a state appellate court had already denied the application on timeliness grounds. *Franklin*, 434 F.3d at 420-21 (citing nineteen Ohio Supreme Court decisions from 2000 to 2004 in support). The Ohio Supreme Court reversed course again and began to affirm dismissals of applications to reopen in capital cases on timeliness grounds in more recent years. *Id*. at 421 (citing three 2004 Ohio Supreme Court cases in

support).  The court concluded that the timeliness component of Ohio's rule permitting reopening of a direct appeal was not firmly established and regularly followed by the Ohio Supreme Court, and that it consequently was not an independent and adequate state procedural rule upon which to premise the  procedural default of a claim in habeas corpus.  *Id.*  Thus, the Ohio Supreme Court's explicit reliance upon the rule does not result in the procedural default of Issa's claim.

The Ohio Supreme Court also stated that the rule does not contemplate second or successive applications to reopen direct appeals.  *State v. Issa*, 106 Ohio St. 3d 1407, 830 N.E.2d 342 (2005) (table).  There is ample support for the court's statement that Ohio law provides no vehicle with which to file a second or successive application to reopen a direct appeal.  *See State v. Twyford*, 106 Ohio St. 3d 176, 176-77, 833 N.E.2d 289 (2005); *State v. Cooey*, 99 Ohio St. 3d 345, 792 N.E.2d 720 (2003); *State v. Williams*, 99 Ohio St. 3d 179, 180, 790 N.E.2d 299 (2003); *State v. Slagle*, 97 Ohio St. 3d 332, 333, 779 N.E.2d 1041 (2002); *State v. Doles*, 75 Ohio St. 3d 604, 605, 665 N.E.2d 197 (1996); *State v. Richardson*, 74 Ohio St. 3d 235, 236, 658 N.E.2d 273 (1996); *State v. Cheren*, 73 Ohio St. 3d 138, 139, 652 N.E.2d 708 (1995); *State v. Peeples*, 73 Ohio St. 3d 149, 150, 652 N.E.2d 717 (1995); *State v. Doyle*, No. 07CA20, 2007 WL 4181664 at *1 (Ohio App. 4th Dist. Nov. 21, 2007)(unreported); *State v. Whitt*, No. 82293, 2004 WL 1532310 at *3 (Ohio App. 8th Dist. July 7, 2004)(unreported); *State v. Wright*, No. 97 CO 35, 2003 WL 22470958 at *1 (Ohio App. 7th Dist. Oct. 28, 2003)(unreported); *State v. Simmons*, No. 97APA10-1310, 1999 WL 649393 at  *1 (Ohio App. 10th Dist. Aug. 26, 1999)(unreported).

At first, one might think that the state court applied an independent and adequate state procedural rule to Issa's claim, rendering it procedurally defaulted for habeas corpus purposes.  Upon further contemplation, however, the state court has done no such thing.  Instead, the court announced that there was no state remedy available to Issa by which he could pursue his ineffective assistance of appellate claim.  *Cf. Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005)(observing that there is

nothing to suggest that applications to reopen a direct appeal in Ohio cannot be brought

successively); *but see Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (noting that federal

courts are obliged to follow state court interpretations of state law and rules of practice). Having no

available state remedy, it was futile for Issa to return to the state courts to present his claim, which

futility is demonstrated by the Ohio Supreme Court's rejection of his claim. In other words, although

it was not argued when Issa made his request to return to the state court to prosecute his application

to reopen his direct appeal, he had no "right under the laws of the State to raise, by any available

procedure, the question presented." 28 U.S.C. § 2254(c). Thus, Issa's claim is exhausted, but not

procedurally defaulted, and its merits may be addressed *de novo* in these habeas proceedings.

## AEDPA STATUTE OF LIMITATIONS
### Ninth, Tenth, and Twenty-seventh Grounds for Relief

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year

statute of limitations for filing a federal habeas corpus petition challenging a state court conviction

or death sentence. 28 U.S.C. § 2254(d)(1). The limitations period is tolled, however, while a

"properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.

§ 2254(d)(2); *Allen v. Siebert*, ___ U.S. ___, 128 S.Ct. 2, 3 (2007). Also, habeas petitions may be

amended to include additional grounds for relief under certain circumstances. The United States

Supreme Court summarized the law respecting amendment of habeas petitions as follows:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the
> Federal Rules of Civil Procedure, requires only "a short and plain
> statement of the claim showing that the pleader is entitled to relief."
> Fed. Rule Civ. Proc. 8(a)(2). Rule 2(C) of the Rules Governing
> Habeas Corpus cases requires a more detailed statement. The habeas
> rule instructs the petitioner to "specify all the grounds for relief
> available to [him]" and to "state the facts supporting each ground."
> By statute, Congress provided that a habeas petition "may be amended
> . . . as provided in the rules of procedure applicable to civil actions."
> 28 U.S.C. § 2242. The Civil Rule on amended pleadings, Rule 15 of

> the Federal Rules of Civil Procedure, instructs: "An amendment of a
> pleading relates back to the date of the original pleading when . . . the
> claim . . . asserted in the amended pleading arose out of the conduct,
> transaction, or occurrence set forth or attempted to be set forth in the
> original pleading." Fed. Rule Civ. Proc. 15(c)(2).

*Mayle v. Felix*, 545 U.S. 644, 649 (2006).  Most important to Issa's situation is the meaning of the

term "relation back."  Before addressing that question, however, it will be helpful to recount in some

detail the procedural history of the four claims which may be dismissed as having been presented in

habeas corpus after the statute of limitations had run.

The parties do not dispute that the statute of limitations for Issa's habeas corpus petition ran

on April 17, 2003.  (See Petitioner's Notice of Filing of Petition in "Shell" Form, Doc. No. 10 at 2;

Return of Writ, Doc. No. 28 at 76.)  On that same date, Issa filed a petition for habeas corpus relief

(Doc. No. 8 ("the shell petition")), as well as his notice that the petition was being filed in "shell"

form because he had only just received several boxes of evidence pertaining to the case and had not

had a chance to thoroughly review their contents.  (Doc. No. 10.)  Issa also notified the Court that he

intended to request permission to amend his shell petition after his review of the record.  *Id.* at 2.

In June, 2003, Issa requested and was granted a stay of these proceedings to allow him time

to return to the state courts to prosecute his first application to reopen his direct appeal.  (Doc. No.

15; Appendix, Vol. 2 at 381-91, Vol. 2 at 402.)  On January 30, 2004, after exhausting his ineffective

assistance of appellate claims in his first application to reopen his direct appeal, Issa amended his

habeas petition to include two claims:  an ineffective assistance of appellate counsel claim, which was

added as his ninth ground for relief; and a claim that Ohio does not provide for a meaningful appeal

from the denial of his ineffective assistance of appellate counsel claim, presented as his tenth ground

for relief.  (First Amended Petition, Doc. No. 26 at 38-63.)  Respondent contends both of those claims

were appended to Issa's petition outside the statute of limitations period, and that they do not "relate

back" to any claim asserted in his shell petition.  (Return of Writ, Doc. No. 28 at 76, 93;

Respondent's Additional Briefing, Doc. No. 133.)

On July 30, 2004, Issa again amended his petition, adding as his twenty-sixth ground for relief a claim that his trial counsel provided ineffective assistance by presenting an innocence defense in the guilt phase without supporting witnesses, and by resting the mitigation case on a theory of residual doubt, again without supporting evidence.  (Second Amended Petition, Doc. No. 33 at 111-12.)  Respondent has not yet raised a limitations defense to that ground for relief.

Finally, after requesting and receiving permission to have his habeas proceedings stayed to allow him time to return to state court to exhaust a newly discovered ineffective assistance of appellate counsel claim, Issa amended his petition once more on April 5, 2005, including the new claim as his twenty-seventh ground for relief.  (Third Amended Petition, Doc. No. 62 at 113-15.)  Although this Court concluded above that Issa's twenty-seventh ground was not procedurally defaulted, Respondent also contends that the claim was filed out of time under the AEDPA's one-year statute of limitations.  (Second Amended Return of Writ, Doc. No. 73 at 4-5.)

The Court will consider Respondent's statute of limitations defense as it pertains to Issa's ninth, tenth, and twenty-seventh grounds for relief in turn.

**Ninth Ground for Relief**

In his ninth ground for relief, Issa claims his appellate counsel were ineffective for their failure to raise as error on direct appeal eight assignments of error having to do with trial counsel's alleged ineffectiveness, and alleged prosecutorial misconduct.  (Third Amended Petition, Doc. No. 62 at 39-61.)  Respondent contends the entire claim is barred by the AEDPA's one-year statute of limitations.  (Return of Writ, Doc. No. 28 at 76-91.)  Issa relies on this Court's earlier analysis of the statute of limitations question in its grant of permission for him to include the substance of his ninth

ground for relief in an amended petition.[7]  (Doc. No. 25.)

Until *Mayle v. Felix*, 545 U.S. 644 (2005), the phrase "same conduct, transaction, or occurrence" was sometimes construed to mean the petitioner's trial and conviction.  *See Felix v. Mayle*, 379 F.3d 612, 614 (9th Cir. 2004); *Ellzey v. United States*, 324 F.3d 521, 525-27 (7th Cir 2003). In fact, Issa's request to amend his petition was filed and considered prior to *Mayle*, and that broad construction of the phrase "same conduct, transaction, or occurrence" was employed by this Court in its decision and order granting Issa's request.  (Doc. No. 25 at 2.)  In *Mayle*, however, the United States Supreme Court rejected the Ninth Circuit's (and implicitly this Court's) equation of the term "same conduct, transaction, or occurrence" with the petitioner's trial, conviction, or sentence, stating that "[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence."  *Mayle*, 545 U.S. at 656-57.  Were the Ninth Circuit's broad construction Fed. R. Civ. P. 15 the law, the AEDPA's one-year statute of limitations would be meaningless.  *Id.* at 662.

The Court further observed that the majority of the circuits allow relation back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."  *Mayle*, 545 U.S. at 657, *quoting United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999).  After surveying the application of Rule 15 in "run-of-the-mine" civil proceedings, the Court concluded that those cases adopted a narrower definition of the Rule's relation back provision.

---

[7]Issa never requested permission to amend his petition to include his ineffective assistance of appellate counsel claim.  After exhausting the claim through an application to reopen his direct appeal, he only requested permission to amend his petition to include his claim that the Ohio law does not provide a meaningful procedure with which to bringing an ineffective assistance of appellate counsel claim in the state courts, which claim is the subject of his tenth ground for relief in his first amended petition.  (*See* Doc. Nos. 22, 26.)  Nevertheless, as Respondent has treated Issa's ninth ground for relief as if Issa had been granted permission to include it in his amended petitions, the Court will do so as well.

*Mayle*, 545 U.S. at 657-60. The Court ultimately held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order," interpreting Rule 15's relation back provision in a manner consistent with the general application of the Rule in civil proceedings, Habeas Corpus Rule 2(c), and with the AEDPA's statute of limitations for habeas petitions. *Id*. at 664.

Applying *Mayle* to Issa's ninth ground for relief, it is quite clear that his ineffective assistance of appellate counsel claim does not arise from the same core facts as any asserted in his shell petition, and that the new claim depends upon events separate in both time and type from those originally raised. Each of Issa's original claims are rooted in the pretrial, guilt, and penalty phases of his trial. (*See* Doc. No. 8.) None rely on events that occurred during his appellate proceedings in the Ohio Supreme Court. Thus, Issa's ninth ground for relief is temporally remote from the claims he originally raised in his shell petition.

Issa's ninth ground for relief also rests on facts that are different from those upon which his original grounds for relief were based. The effectiveness of an attorney's performance involves events occurring at the time of the representation. In other words, the factual core of an ineffective assistance of appellate counsel claim involve what the appellate attorney did, when he or she did it, why it was done, and how the attorney's deficient performance prejudiced the appellant. Those facts are necessarily distinct from habeas claims arising out of an alleged trial error, even when the petitioner claims his appellate counsel were ineffective for not raising an alleged trial error on direct appeal. Consequently, Issa's ineffective assistance of appellate counsel claim does not arise out of a core of operative facts common to those from which his original claims arose. Accordingly, his ninth ground for relief cannot relate back to his original petition.

In his brief addressing the impact of *Mayle* on the statute of limitations issue, Issa contends that his twenty-third ground for relief in his original petition alleged the unconstitutionality of the

entire Ohio death penalty statutory scheme. (Doc. No. 132 at 4-5.) That claim, however, has nothing to do with the alleged ineffective performance of appellate counsel. (Doc. No. 8 at 72-86.) Issa's argument that his ninth ground for relief is based on the same facts as the original pleading and that it only changes the legal theory as to why the Ohio statutory scheme is unconstitutional is similarly unavailing. Claims of ineffective assistance of appellate counsel are based on a different legal theory than the underlying claims. *Garner v. Mitchell,* 502 F. 3d 394, 403 (6th Cir. 2007), *citing White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005); *Bailey v. Nagle,* 172 F.3d 1299, 1309 n.8 (11th Cir. 1999); and *Levasseur v. Pepe*, 70 F.3d 187, 191-92 (1st Cir. 1995).

Since Issa's ninth ground was included in his habeas petition after the AEDPA statute of limitations had run,[8] the claim is out of time and should be dismissed.

---

[8]Had Issa filed his application to reopen his direct appeal in the Ohio Supreme Court before the AEDPA's one-year statute of limitations had run, running of the statute may have been tolled while those proceedings were pending in the state court. 28 U.S.C. § 2244(d)(2). In addition, since Issa's application was not filed until after the statute had run, he derives no benefit from the Court's stay of his petition pending exhaustion of his claims in the state court insofar as the statute of limitations is concerned. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Lopez v. Wilson*, 426 F.3d 339, 347 (6th Cir. 2005)(noting that the AEDPA statute of limitations is tolled only for the period of time during which an application to reopen a direct appeal is actually pending in the Ohio courts).

**Tenth Ground for Relief**

In his tenth ground for relief, Issa contends the Ohio process for litigating ineffective assistance of appellate counsel claims is meaningless, inadequate, and ineffective. (Third Amended Petition, Doc. No. 62 at 61-63.) Respondent asserts the affirmative defense that the claim was amended to Issa's petition beyond the AEDPA's statute of limitations. (Return of Writ, Doc. No. 28 at 92-3.) Issa acknowledges that "[t]he question before this court turns on whether App. R. 26(B) [sic] is part of the direct appeal," as he asserts it is, citing *White v. Schotten*, 201 F.3d 743, 752-53 (6th Cir. 2000). (Traverse, Doc. No. 41-1 at 119.) *White* has been overruled since Issa filed his traverse, however, and Ohio's procedure for pursuing an application to reopen a direct appeal is now recognized by the state and federal courts as a part of collateral post-conviction review. *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005); *Morgan v. Eads*, 104 Ohio St. 3d 142, 146-47, 818 N.E.2d 1157 (2004).

Furthermore, whether or not Issa's claim was included in his amended petition within the AEDPA's statute of limitations period, the claim does not set forth an issue that is cognizable in habeas corpus. In *Lopez*, the Sixth Circuit concluded that the application to reopen process in Ohio "does not give rise to any federal constitutional right cognizable on habeas." *Lopez*, 426 F.3d at 354. The Court also observed that Ohio had no constitutional obligation to create the application to reopen a direct appeal procedure at all. *Lopez*, 426 F.3d at 351, *citing Coleman v. Thompson*, 501 U.S. 722, 756 (1991). With no constitutional right to the process, and *Lopez*' conclusion that the process gives rise to no federal constitutional right cognizable in habeas corpus, Issa's claim fails, and it should be denied.

**Twenty-seventh Ground for Relief**

As noted above, Issa's twenty-seventh ground for relief alleges his appellate counsel were ineffective because one of them labored under a conflict of interest caused by his appointments to

represent both Andre Miles, the actual killer in the murder-for-hire scheme, and Issa in their direct

appeals.  (Third Amended Petition, Doc. No. 62 at 113-15.)  Respondent argues the claim was filed

beyond the AEDPA's one-year statute of limitations period.  (Second Amended Return of Writ, Doc.

No. 73 at 4-5.)  Issa has not responded to Respondent's assertion of the affirmative defense respecting

the statute of limitations.

Chapter 28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

When Issa returned to the state court to litigate his ineffective assistance of appellate counsel

claim based on counsel's representation of Andre Miles, he stated that he had only learned of

counsel's alleged conflict on March 23, 2005.  (Third Amended Petition, Doc. No. 62 at 115); *State

v. Issa*, No. 98-2449, 2005 WL 5353626 at *2-3 (Ohio Apr. 22, 2005)(Application to Reopen).

Respondent does not dispute that assertion, nor does she contend that Issa's late discovery of that fact

was due to a lack of diligence on his part.  Furthermore, Respondent submits no evidence to suggest that Issa's account of the facts surrounding his discovery of his attorney's alleged conflict is incorrect.[9]  Since Respondent does not contest Issa's account of the facts, the Court will, for purposes of evaluating Respondent's statute of limitations defense, assume they are true.

Because Issa could not have raised his ineffective assistance of appellate counsel claim prior to his discovery of his counsel's alleged conflict, the AEDPA one-year statute of limitations as to that claim began to run on March 23, 2005.  28 U.S.C. § 2244(d)(1)(D).  Consequently, when he amended his petition on April 5, 2005, to add the claim, it was timely, and Respondent's defense fails.

## CONCLUSION

Because the Court concludes that Issa's fifteenth, seventeenth, eighteenth, nineteenth, and twenty-third grounds for relief are procedurally defaulted, and that Issa has failed to demonstrate cause and prejudice to excuse the default, those grounds for relief should be denied.  The Court has determined that Issa's third, thirteenth, twentieth, and twenty-seventh grounds for relief are not procedurally defaulted, and the merits of those claims will be addressed in a subsequent report.  The

---

[9]In his application to reopen his direct appeal, Issa states the following

On February 16, 2005[,] the deposition of Herbert E. Freeman occurred.  At that deposition, Attorney Freeman, who handled Ahmad Issa's direct appeal from his capital conviction in Hamilton County[,] Ohio[,] to this court [sic], indicated that he had his file from the appeal in his basement and that habeas counsel was welcome to it.  The file was obtained on March 23, 2005; the file was [B]ates stamped and inspected.

Included in the file of Attorney Freeman was a letter to his co-counsel on Issa's direct appeal, [B]ates number 201 and 202 . . . .

The letter includes the following statement:  Enclosed please find a photocopy of the rough draft of the "Statement of Facts" from the appellate brief of Andre Miles.  You will recall that he was a codefendant to Mr. Issa, although he was tried separately.  I AM SENDING IT TO YOU, BECAUSE I AM LEAD COUNSEL APPEALING MILES' CASE IN THE COURT OF APPEALS (HE WAS THE "SHOOTER," BUT HE AVOIDED THE DEATH PENALTY).  IT WILL BE IN MANY WAYS VIRTUALLY THE SAME AS THE TESTIMONY ELICITED AGAINST MR. ISSA. . . .

*State v. Issa*, No. B-9709438, 2005 WL 5353626 at *2 (Ohio 2005) (emphasis added).

Court further concludes that Issa's ninth ground for relief was filed outside the AEDPA's one-year statute of limitations, and it should accordingly be denied. In addition, the claim presented in Issa's tenth ground for relief is not cognizable in habeas corpus, so that claim should also be denied. Finally, Issa's twenty-seventh ground for relief was timely under the AEDPA's statute of limitations, and will be addressed in a subsequent report.

December 20, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Death Penalty\Issa\Issa Procedural R&R.wpd