## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

AHMAD FAWZI ISSA,                      :

       Petitioner,           :          Case No. 1:03-cv-280

                             :          District Judge Sandra S. Beckwith
    -vs-                                         Magistrate Judge Michael R. Merz

                             :

MARGARET BRADSHAW, Warden,

                             :
       Respondent.

## MEMORANDUM OPINION

This capital habeas corpus case is ripe for decision on the merits before District Judge Sandra Beckwith. However, on April 7, 2011, Respondent notified the Court of the decision, three days earlier, of *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011), and the Magistrate Judge ordered (Doc. No. 153) briefing on *Cullen's* applicability, which is now complete (Doc. Nos. 154, 155).

Respondent's Memorandum expostulates at length about the general restrictions imposed or implied by the AEDPA " to reign in the overreaching by federal courts on habeas cases resulting from excesses in decisions by the Warren Court." (Memorandum, Doc. No. 154, PageID 3241.) The Memorandum contents itself with generalities and does not discuss application of *Cullen* to this particular case. Petitioner responds with generalities about how poor the Ohio post-conviction process is and what *Cullen* did not decide. Taking to heart Petitioner's admonition against advisory opinions, the Magistrate Judge offers this opinion only on the question created by *Cullen*: does the

holding of that case require any different analysis in this case?

Petitioner begins his Memorandum by objecting that the Magistrate Judge lacks "jurisdiction" to file any additional opinion or report in this case because the referral of the case terminated when the Corrected Report and Recommendations was filed in the absence of a new referral from Judge Beckwith. However, the General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed or when new case law, decided after a report and recommendations is filed, become pertinent. Furthermore, Judge Beckwith has previously dealt with this specific objection by Petitioner (Doc. No. 150).

Moreover, all habeas corpus cases in the Southern District of Ohio are referred categorically and automatically to the magistrate judges without specific orders of reference in particular cases or for particular pieces of cases. Neither Fed. R. Civ. P. 72 nor 28 U.S.C. § 636(b) requires a written order of reference for a magistrate judge to act. Fed. R. Civ. P. 72(b) speaks of assignment of matters to magistrate judges and § 636(b) speaks of a district judge "designat[ing] a magistrate judge to do various acts on prisoner petitions. Petitioner has cited no authority requiring either the "assignment" or "designation" to be in writing. Of course, under Article III, any district judge is free at any time to terminate any assignment or designation, but it is this Magistrate Judge's understanding that the District Judges who have referred capital habeas cases to him (to wit, Judges Beckwith, Barrett, Black, Dlott, Rice, Rose, Sargus, and Watson) desire that those cases be "managed" consistently with one another, with developing appellate case law, and indeed with other capital cases in the District.

This Court granted Petitioner an evidentiary hearing permitting him to call both trial counsel

and both appellate counsel, the mitigation specialist hired by trial counsel, a mitigation expert to

detail the standards for mitigation specialists in the State of Ohio, and a cultural expert.  (Doc. 78).

*Cullen*, as this judge reads it, requires this Court to ignore that evidence in deciding the question

posed by 28 U.S.C. § 2254(d)(1): on any claim adjudicated on the merits by the state courts, was the

decision of the state courts contrary to or an objectively unreasonable application of clearly

established United States Supreme Court precedent?  In *Cullen*, the Supreme Court expressly held

"that review under § 2254(d)(1) is limited to the record that was before the state court that

adjudicated the claim on the merits." 131 S. Ct. at 1398.

This Court had previously interpreted §§ 2254(d)(1) and 2254(e)(2) consistently with one

another so as to allow a habeas petitioner who had been diligent in attempting to introduce evidence

in the state courts but unsuccessful in doing so an opportunity to introduce that evidence at a hearing

in this Court. It was on that theory that this Court granted an evidentiary hearing in this case.  That

position is consistent with the alternative ruling in *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir.

2011)(Sutton, J.), finding no abuse of discretion in granting an evidentiary hearing on a claim

adjudicated on the merits in the state courts. But that reading of the two statutes, accepted by

Justices Sotomayor and Alito in *Cullen*[1], was rejected by the majority.

*Cullen* does not make it error for this Court to have granted an evidentiary hearing.  That

question is governed by 28 U.S.C. § 2254(e)(2) and the interpretive case law, particularly *Keeney*

---

[1] Petitioner writes "at least four Justices believe that once an evidentiary hearing is
properly held, the federal court's review under 28 U.S.C. §2254(d)(1) must take into
consideration the evidence admitted at that hearing."  (Memorandum, Doc. No. 155, PageID
3267.)  As this judge reads the case, all the Justices except Alito and Sotomayor concurred in
Part II of Justice Thomas' majority opinion which contains the holding on scope of evidence to
be considered in deciding the § 2254(d)(1) question.

*v. Tamayo-Reyes*,  504 U.S. 1 (1992), and *Michael Williams v. Taylor*, 529 U.S. 420 (2000).  Nor

does *Cullen* decide what use may be made of such evidence by the federal court on a claim if it

decides that the state court decision does not satisfy § 2254(d)(1).  And it does not address what

kinds of state court decisions constitute adjudications on the merits, except to hold inferentially that

summary dismissal of habeas corpus cases by the California Supreme Court which state that the

claim is substantively without merit constitute merits adjudications.

Neither party suggests that *Cullen* requires a different outcome or different analysis on any

of Petitioner's claims for relief.  The Magistrate Judge declines to offer any opinion on that question

in the absence of argument by the parties.

June 9, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
