# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| AHMAD FAWZI ISSA, | : | |
| Petitioner, | : | Case No. 1:03-cv-280 |
| | : | District Judge Sandra S. Beckwith |
| -vs- | | Magistrate Judge Michael R. Merz |
| | : | |
| MARGARET BRADSHAW, Warden, | | |
| | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This capital habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (Doc. No. 159) which Respondent opposes (Doc. No. 161) and on which Petitioner has filed a Reply in support (Doc. No. 163). Previously this Magistrate Judge has considered motions for certificates of appealability in capital cases after the District Judge has ruled on the merits of the petition. However, that practice has been modified in this and other capital cases to comply with the amendment to Habeas Rule 11, effective December 1, 2009, providing that the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." (See Order, Doc. No. 156.)

### Standard for Certificate of Appealability

As provided in 28 U.S.C. §2253, a petitioner seeking to appeal an adverse ruling in the

district court on a petition for writ of habeas corpus or on a § 2255 motion to vacate must obtain a certificate of appealability before proceeding. The statute contemplates issuance by a circuit judge, but Rule 11(a) of the Rules Governing § 2254 cases provides:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). If the district court dismisses the petition on procedural grounds without reaching the constitutional questions, the petitioner must also show that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The procedural issue should be decided first so as to avoid unnecessary constitutional rulings. *Slack*, 529 U.S. at 485, citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)(Brandeis, J., concurring). The first part of this test is equivalent to making a substantial showing of the denial of a constitutional right, including showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). The relevant holding in *Slack* is as follows:

> [W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. at 478.

The standard is higher than the absence of frivolity required to permit an appeal to proceed *in forma pauperis. Id.* at 893.

> [O]bviously the petitioner need not show that he should prevail on the merits... . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* n.4. *Accord, Miller-El v. Cockrell*, 537 U.S. 322 (2003). A certificate of appealability is not to be issued *pro forma* or as a matter of course. *Id.* at 1040. Rather, the district and appellate courts must differentiate between those appeals deserving attention and those which plainly do not. *Id.* A blanket certificate of appealability for all claims is improper, even in a capital case. *Frazier v. Huffman*, 348 F.3d 174 (6th Cir. 2003), *citing Porterfield v. Bell,* 258 F.3d 484 (6th Cir. 2001).

**Analysis**

The Magistrate Judge recommended that Issa's Petition, which contains twenty-seven

-3-

grounds for relief, be denied in its entirety (Corrected Report and Recommendations, Doc. No. 146, hereinafter "Report"). If the District Judge adopts the Report, Petitioner intends to appeal and seeks a certificate of appealability as to Grounds for Relief One, Three, Four, Five, Six, Nine, Eleven, Twelve, Fourteen, Fifteen, and Twenty-Seven (Motion, Doc. No. 159, PageID 3321). The Warden is opposed as to all Grounds for Relief.

**Ground One**

In his first ground for relief, Issa contends his trial counsel's representation was ineffective because they failed to call Linda Khriss as a witness or introduce her testimony from her own trial which Issa claims would have supported the defense's theory of innocence. (Petition, Doc. No. 62 at 11-14.) The Report concluded that the state court decision on the merits of this claim was neither contrary to nor an unreasonable application of federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1)(Report, Doc. No. 146, PageID 3047).

The Magistrate Judge concludes, particularly in light of *Foust v. Houk,* 655 F.3d 524 (6th Cir. 2011), that the question whether it was ineffective assistance of trial counsel not to call Ms. Khriss as a witness without having interviewed her is debatable among reasonable jurists. The scope of the obligation to investigate in capital cases is sufficiently unsettled that the appellate court could reach a different conclusion from the one recommended by the Magistrate Judge. Therefore a certificate of appealability should be issued on Ground One if the Court adopts the Magistrate Judge's rejection of this Ground for Relief on the merits.

**Grounds Three, Four, Five and Twelve**

These four Grounds for Relief are argued together in the instant Motion (Doc. No. 159, PageID 3326-3328.) The Report recommends denying Grounds Three, Four, Five and Twelve on the merits, concluding that the state court's decision was neither contrary to nor an unreasonable application of federal law as determined by the United States Supreme Court. (Report, Doc. No. 146, PageID 3056.)

The Magistrate Judge agrees with Petitioner that his conclusions on Grounds Three and Four are debatable among reasonable jurists and recommends a certificate of appealability be issued as to those two Grounds for Relief if the District Judge adopts the recommendations on the merits. Having reviewed again the recommendations on Grounds Five and Twelve, however, the Magistrate Judges disagrees and concludes they are not debatable among reasonable jurists. No certificate should issue on Grounds Five and Twelve.

**Ground Six**

In his sixth ground for relief, Issa claims that the admission into evidence of Andre Miles' statements to Bonnie and Joshua Willis about the murders of Maher and Ziad Khriss were hearsay from an available witness, and that their admission violated Issa's Sixth Amendment right to confront the witnesses against him. (Petition, Doc. No. 62 at 31-34.) The Report recommends denying this Ground for Relief on the merits. However, if the District Judge adopts that recommendation, she should also issue a certificate of appealability on this Ground for Relief for

the reasons stated in the Motion (Doc. No. 159, PageID 3329).

## Ground Nine

In his ninth ground for relief, Issa contends his appellate counsel provided ineffective assistance during his direct appeal, citing ten instances in which he claims his counsel were ineffective. (Petition, Doc. No. 62 at 38-61.) The Magistrate Judge concluded this claim was barred by the statute of limitations (R&R on procedural default and limitations Doc. No. 134). If the District Judge adopts that recommendation, she should nonetheless issue a certificate of appealability on this Ground for Relief because the contours of the doctrine of equitable tolling as applied in capital cases remains debatable among reasonable jurists.

## Ground Eleven

In his eleventh ground for relief, Issa contends his death sentence is disproportionate, arbitrary, and capricious, and consequently unconstitutional under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Petition, Doc. No. 62 at 63-64.) The Report recommends this claim be rejected on the merits in the sense that the Ohio courts' decision of the claim is neither contrary to nor an unreasonable application of clearly established federal law. The Motion does not persuade the Magistrate Judge that this conclusion is debatable among reasonable jurists and it is therefore respectfully recommended that a certificate of appealability be denied on this claim.

## Ground Fourteen

In his fourteenth ground for relief, Issa contends that prospective jurors' biases against Muslims and Arabs was not sufficiently explored in voir dire by his trial counsel, and that he was consequently deprived of the effective assistance of counsel in all phases of his trial. (Petition, Doc. No. 62 at 69-72.) The Magistrate Judge recommended denying this claim because the state courts' decision on the claim was neither contrary to nor an unreasonable application of federal law (Report, Doc. No. 146, PageID 3095).

In the Motion, Issa essentially speculates about the importance of cultural bias in the minds of the jurors, but points to no case law finding counsel ineffective for failing to so inquire. Assuming that Issa is correct that cultural and/or ethnic biases might have been uncovered if further voir dire had occurred, it is purely speculative to suggest that emphasizing such possible biases in voir dire would have eliminated them rather than exacerbating them. Choosing not to pursue this matter is plainly a question of trial counsel strategy as the Ohio courts found. No certificate of appealability should be issued on Ground Fourteen.

## Ground Fifteen

In his fifteenth ground for relief, Issa contends his federal constitutional rights were violated by state authorities when they failed to inform him of his right of access to the Jordanian consul under the Vienna Convention on Consular Relations after he had been arrested. (Petition, Doc. No. 62 at 72-76.)

In the Report and Recommendations on procedural default, the Magistrate Judge recommended this Court should uphold the state courts' finding of procedural default (Doc. No. 134 at 8-11). Neither party objected to that conclusion and thus Petitioner has waived any appeal on this Ground for Relief. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).[1] On that basis, not mentioned in the Motion, no certificate of appealability should be granted on this Ground for Relief.

Petitioner also argues that because the Ohio plain error rule "is essentially a rule of discretion, reasonable jurists can, and do, find or reject claims of plain error." (Motion, Doc. No. 159, PageID 3335.) The question for this Court, however, is not whether reasonable jurists find debatable whether a particular issue is a matter of plain error, but rather whether reasonable jurists would find the Ohio Supreme Court's reliance on its plain error rule in this case to be reliance on an adequate and independent state ground of decision. The Supreme Court has recently held in two cases that the fact that a state rule leaves discretion to state court judges does not mean that reliance on its cannot be deemed reliance on an adequate and independent state ground. *See Beard v. Kindler*, 558 U.S. ___, 130 S. Ct. 612 (2009)("a discretionary rule can serve as an adequate ground to bar federal habeas review."); *Walker v. Martin*, 562 U.S. ___, 131 S. Ct. 1120 (2011).

Finally, even if this claim were not procedurally defaulted, its merits are not debatable among reasonable jurists. *Medellin v. Texas*, 552 U.S. 491 (2008); *Sanchez-Llamas v. Oregon*, 548 U.S. 331 (2006); *Breard v. Greene*, 523 U.S. 371 (1998); and *United States v. Emuegbunam,* 268

---

[1] In his Objections to the Report, Petitioner does object to the procedural default analysis (Doc. No. 148 at PageID 3195). When he filed his Objections to the procedural R&R, however, he specifically disclaimed any objection to the proposed disposition of Ground Fifteen (See Doc. No. 138 at PageID 2849).

F.3d 377 (6th Cir. 2001).

**Ground Twenty-Seven**

In his twenty-seventh ground for relief, Issa contends his appellate counsel were ineffective because one of them labored under a conflict of interest caused by his appointment to represent Andre Miles in his appeal while the lawyer also represented Issa. (Petition, Doc. No. 62 at 113-15.)

While the Magistrate Judge remains confident of his conclusion that this claim is without merit and that the state courts' decision is therefore neither contrary to nor an unreasonable application of federal law, the facts underlying this claim are sufficiently unique that the Magistrate Judge believes his conclusion would be debatable among reasonable jurists and recommends a certificate be issued on this claim.

February 16, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure

may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).