# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AHMAD FAWZI ISSA, :

    Petitioner, :     Case No. 1:03-cv-280

:     District Judge Sandra S. Beckwith
  -vs-     Magistrate Judge Michael R. Merz
:

MARGARET BRADSHAW, Warden,
:
    Respondent.

## ORDER AMENDING DATE FOR DISCOVERY MOTION

    This capital habeas corpus case is before the Court on Petitioner's Motion for a Revised Scheduling Order (Doc. No. 188) which Respondent opposes (Doc. No. 189).

    With the concurrence of all counsel, the Court originally set a date for the Petitioner's discovery motion as the same date Petitioner was to file a reply to the Amended Return of Writ (Scheduling Order, Doc. No. 183). Petitioner requested and Respondent agreed to a ten-day extension which expired March 31, 2013, or April 1, 2013 (Doc. No. 185). No discovery motion was filed and Petitioner now seeks instead "a revised scheduling order, similar to the Order recently filed in *Smith v. Pineda,* [Case No.] 1:12-cv-196, setting certain deadlines for the orderly resolution of this matter."

    The referenced Order in the *Smith* case (Doc. No. 24) provided a deadline of June 1, 2013, for Respondent to file a motion for judgment on the pleadings and a discovery motion deadline thereafter of October 1, 2013. In opposing Petitioner's instant Motion, the Warden notes that she "persists in her position[s] that Petitioner's twenty-eight and twenty-ninth grounds

1

are

1. non-cognizable, barred by the statute of limitations, procedurally defaulted, and meritless. To allow for the possibility of discovery in this instance would serve only to delay the proper adjudication of Petitioner's claims [and]

2. virtually indistinguishable from his claims in Lethal Injection Protocol Litigation before Judge Frost. Discovery in the instant case would be burdensome and duplicative." (Doc. No. 189, PageID 4051-4052).

Respondent does not explain why her concerns cannot be appropriately accommodated by an order which parallels the *Smith* Order. That is, Respondent can be given an opportunity to litigate whether the case can be disposed of on the pleadings by setting a deadline for a motion for judgment on the pleadings, which is hereby set for June 1, 2013. If the case survives that motion, then a deadline for seeking discovery will be set.

In the meantime, the Court notes that Attorneys Greger and Young are also Mr. Issa's counsel in the Lethal Injection Protocol case. Their comment that they have "not had the time to meet with lead and other counsel [in that case] to determine exactly what discovery (depositions, etc.) has been conducted and may be used by Petitioner without duplicating the effort and cost" (Doc. No. 188, PageID 4048) is troubling insofar as it suggests discovery in that case is not being managed sufficiently by counsel to keep one another abreast of what is happening.

April 26, 2013.

s/ *Michael R. Merz*<br>
United States Magistrate Judge