# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AHMAD FAWZI ISSA, :

    Petitioner, : Case No. 1:03-cv-280

: District Judge Sandra S. Beckwith
  -vs-   Magistrate Judge Michael R. Merz
:

MARGARET BRADSHAW, Warden,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Response (Doc. No. 207) to the Court's February 25, 2015, Order Vacating Stay and to Show Cause (Doc. No. 203). The Order required Petitioner to show cause why his Twenty-Eighth and Twenty-Ninth Grounds for Relief should not be dismissed without prejudice as moot because they "refer to the September 2011 superseded version of DRC Policy-01-COM-11," an Ohio execution protocol. The Order essentially reinstated a prior Order of February 11, 2014, to the same effect (Doc. No. 197).

In his Response, Petitioner argues

> The overarching assertion by Petitioner, contained in Grounds Twenty-Eight and Twenty-Nine of his Fourth Amended Petition for Writ of Habeas Corpus, is that the lethal injection method of execution, currently used, or used in the future by the State of Ohio to kill Petitioner, is unconstitutional. That overarching argument is not mooted simply because the State continues to tinker with the mechanism of death. The State of Ohio has issued eighteen versions of its Execution Protocol, with each subsequent policy superseding the previous policy. While Petitioner's currently argued Grounds Twenty-Eight and Twenty-Nine are based on the

> protocol that was in effect on the date Petitioner's Fourth Amended Petition for Writ of Habeas Corpus was filed (January 16, 2013: Doc. 181), the arguments made therein are not mooted simply because the State's protocols and practices continue to evolve: the manner of execution by lethal injection remains unconstitutional. A great deal of litigation has transpired since Petitioner last amended his Petition for Writ of Habeas Corpus, particularly with respect what is now Grounds Twenty-Eight and Twenty-Nine; amendment is necessary to bring to the court's attention the results of that litigation.

(Response, Doc. No. 207, PageID 4124-25.)

Instead of explaining why Grounds Twenty-Eight and Twenty-Nine are not moot, Petitioner attaches a proposed fifth amended petition which he says amends those grounds to new Grounds Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-Two, Thirty-Three, Thirty-Four , Thirty-Five, Thirty-Six, and Thirty-Seven. *Id.* at PageID 4125.

The Response does not show that Grounds Twenty-Eight and Twenty-Nine as pled in the Fourth Amended Petition (Doc. No. 181, PageID 3705-17) are not moot. Importantly, those claims refer to the version of DRC Policy 01-COM-11 adopted September 18, 2011, and amended as to certain "critical elements" in February and March 2012. *Id.* at ¶¶'s 496-97. 517-18. In his Proposed Fifth Amended Complaint, Issa avers that "[s]ince 1993, DRC has had 18 versions of its Execution Protocols, with each subsequent policy superseding the previous policy." (Doc. No. 207-1, ¶ 499, PageID 4243.) Issa also avers that "DRC's Execution Protocols are binding state administrative law . . ." *Id.* at ¶ 500. The Proposed Fifth Amended Petition avers that there have been three such execution protocols adopted since the protocol pled in the Fourth Amended Petition, to wit, those adopted October 10, 2013; April 28, 2014; and January 9, 2015. *Id.* at ¶ 499.

In his Motion to Amend to file the Fourth Amended Petition, Issa implicitly adopted the argument uniformly made by capital habeas petitioners that the AEDPA one-year statute of

2

limitations begins to run again each time Ohio adopts a new protocol. He argued in his September 17, 2012, Motion that "there is no prejudice to the State in Issa's filing less than one year [albeit only a day less] after the September 18, 2011 policy was adopted." (Doc. No. 172, PageID 3453.) In opposing the amendment, Respondent noted the limitations issue would be raised if Issa "is claiming that any lethal injection in this case would be unconstitutional . . ." (Doc. No. 173, PageID 3468). In granting the Motion to file the Fourth Amended Petition, the Court relied on prior decisions of its own and of other judges of this Court that the proposed amendment was not barred by the statute of limitations:

> Those prior decisions have also concluded that the proposed amendments are not futile because barred by the one-year statute of limitations in 28 U.S.C. § 2244 because the amendments purport to rest on evidence newly-discovered within one year prior to the filing of the Motion to Amend, to wit, the adoption by the State of Ohio of the current lethal injection protocol.

(Order, Doc. No. 180, PageID 3590.) If a claim is timely when made within one year of adoption of a new protocol, it follows that such a claim becomes moot when the protocol in question is no longer the law. At least Issa has made no argument to the contrary. Instead, he argues that the "overarching argument" about lethal injection is not moot. But the Order to Show Cause was directed to specifically pled Grounds for Relief, not "overarching arguments."

It is therefore respectfully recommended that the Court dismiss Grounds Twenty-Eight and Twenty-Nine in the Fourth Amended Petition without prejudice as moot.

Issa's Proposed Fifth Amended Petition is not accompanied by a motion for leave to file or a memorandum in support. Issa merely includes the request that he "prays the court grant him the right to file the Fifth Amended Petition to conform to the evolving protocols and newly articulated arguments in support of his overarching argument, that execution by lethal injection,

regardless of the iteration used by the State of Ohio, remains unconstitutional." (Doc. No. 207, PageID 4125.)  The request in that form does not satisfy the requirements of Fed. R. Civ. P. 7 or S. D. Ohio Civ. R. 7.2.  Accordingly, the Court does not consider this prayer to constitute a motion to amend.  Any motion for leave to amend by filing the Proposed Fifth Amended Petition shall be filed and served not later than May 1, 2015.  Alternatively, at least under existing precedent, Issa may file a new habeas case making the claims regarding lethal injection proposed to be included in the Proposed Fifth Amended Petition.

April 16, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).