# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AHMAD FAWZI ISSA,              :

    Petitioner,            :    Case No. 1:03-cv-280

                                     :    District Judge Sandra S. Beckwith
    -vs-                            Magistrate Judge Michael R. Merz
                                       :

MARGARET BRADSHAW, Warden,
                                       :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Objection (Doc. No. 209) to the Magistrate Judge's Report and Recommendations recommending that Issa's Grounds Twenty-Eight and Twenty-Nine in his Fourth Amended Petition be dismissed as moot (the "Report," Doc. No. 208). District Judge Beckwith has recommitted the matter for reconsideration in light of the Objections (Doc. No. 212). The Warden has not responded to those Objections.

The Report concluded Grounds Twenty-Eight and Twenty-Nine were moot because they referred to an Ohio execution protocol (DRC Policy-01-COM-11) which had been superseded and was no longer in effect.

**Ground Twenty-Eight**

Issa objects to dismissal of his twenty-eighth ground for relief principally by quoting from his Fourth Amended Petition. He notes that Ground Twenty-Eight raises an Eighth

1

Amendment claim that "[t]he State of Ohio's **current lethal injection protocol** . . .presents an objectively intolerable risk of the wanton infliction of serious physical and psychological pain, as well as a torturous or lingering death resulting in an execution that will not be in accord with the 'dignity of man'." (Objections, Doc. No. 209, PageID 4325, quoting Doc. No. 181, PageID 3708, emphasis supplied).  He also argues Ohio's administration of its execution protocols violates the Eighth Amendment. *Id.*  at PageID 4325-26.  He concludes "[t]he foundation of that claim (the 'overarching argument') has not been mooted." *Id.*  at PageID 4326.

Issa concedes that "when Ohio changed from a three-drug protocol to a one drug protocol several years ago, that change would have mooted claims based on the specifics of the three-drug approach." *Id.*  at PageID 4327.  But, he says, "adding grounds for new claims and giving new effective dates to the portions of the protocol that supported Issa's claims" does not create mootness. *Id.*

**Ground Twenty-Nine**

Issa's Twenty-ninth Ground for Relief asserts that Issa is similarly situated to all other Ohio death row inmates but Ohio's lethal injection protocol on its face or in its implementation treats members of that group disparately without having a compelling governmental interest in doing so in violation of the Equal Protection Clause of the Fourteenth Amendment.  References throughout the argument are to "Ohio's lethal injection protocol" as if that were a static entity.

**Analysis**

The Report concluded Grounds Twenty-Eight and Twenty-Nine were moot because they purported to arise under the September 18, 2011, lethal injection protocol which is no longer in effect. The Report noted that in moving for leave to file the Fourth Amended Petition, Issa had "implicitly adopted the argument uniformly made by capital habeas petitioners that the AEDPA one-year statute of limitations begins to run again each time Ohio adopts a new protocol." (Report, Doc. No. 208, PageID 4320-21.) That is an argument this Court adopted in granting leave to file the Fourth Amended Petition (Order, Doc. No. 180, PageID 3590.)

When a person is threatened with harm in the future under positive law such as an administrative regulation and the regulation is repealed, the person's claim under the repealed or superseded regulation becomes moot. The fact that the State may in the future adopt a new regulation with some or even many similarities to the old regulation does not prevent mootness.

Mootness is "the doctrine of standing set in a time frame." *Diaz v. Kinkela*, 253 F.3d 241 (6th Cir. 2001), *quoting Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n. 22 (1997). Therefore, for a case to continue through the judicial system, it must continually possess what was required for the case to begin — a justiciable case or controversy as required by Article III. *Diaz v. Kinkela*, 253 F.3d 241 (6th Cir. 2001), *citing Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

"Moot questions require no answer." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971), *quoting Missouri, Kansas & Texas R. Co. v. Ferris*, 179 U.S. 602, 606 (1900). Mootness is a jurisdictional question because the Court "is not empowered to decide moot questions or abstract propositions," *Rice, supra, citing United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920),

quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314 (1893).

The question whether it would be unconstitutional to execute Ahmed Issa under Ohio DRC Policy-01-COM-11 is moot because neither he nor anyone else will ever be executed under that regulation.

It is therefore again respectfully recommended that Grounds Twenty-Eight and Twenty-Nine of the Fourth Amended Petition be dismissed as moot.

June 10, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).