# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

AHMAD FAWZI ISSA,  :

    Petitioner,  :  Case No. 1:03-cv-280

:  District Judge Walter H. Rice
  -vs-     Magistrate Judge Michael R. Merz

:

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

:

    Respondent.

# ORDER TO COMPLETE THE RECORD

Pursuant to the Mandate of the United States Court of Appeals for the Sixth Circuit (ECF No. 244), this Court on July 2, 2019, issued a Conditional Writ of Habeas Corpus requiring "that the State of Ohio retry the Petitioner Ahmad Fawzi Issa within 180 days of the date of this Writ and, unless Petitioner is again convicted and sentenced pursuant to a new judgment of the Hamilton County Court of Common Pleas, release him from custody." (ECF No. 247, PageID 10526). On August 6, 2019, Brenda Leikala, trial attorney for the Warden in this case, filed a Notice of State Court Action (ECF No. 249). Attached is an Entry Setting Aside Conviction which recites that the "State is currently in the process of retrying defendant pursuant to the order of the Federal District Court for the Southern District of Ohio." *Id.* at PageID 10530.

The Entry does not show compliance with the Conditional Writ: it does not show that Petitioner has been released or that he has again been convicted and sentenced. The Notice reminded the Court that it has no jurisdiction to enforce the Conditional Writ once the underlying conviction has been vacated (ECF No. 249, PageID 10528, citing *Gillispie v. Warden*, 771 F.3d 323, 328 (6th Cir. 2014)). *Gillispie* directly supports that proposition and is controlling precedent.

Nevertheless, the Conditional Writ in this case was issued at the direct command of the Sixth Circuit itself in a published opinion, *Issa v. Bradshaw,* 904 F.3d 446 (6th Cir. 2018). The circuit court concluded its decision "we VACATE and REMAND to the district court with instructions to grant a CONDITIONAL WRIT OF HABEAS CORPUS giving the State of Ohio 180 days to retry Issa or to release him from custody." 904 F.3d at 461. Thus the Conditional Writ which this Court issued was not of its own devising, but was virtually dictated by the circuit court.

The mandate rule is a specific application of the law-of-the-case doctrine. The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals. *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir. 1999). The mandate rule is a distinct concept which preserves the hierarchy of the court system. *Scott v. Churchill,* 377 F.3d 565, 570 (6th Cir. 2004).

> Pursuant to the law of the case doctrine, and the complementary "mandate rule," upon remand the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court." *Id.* (quoting *Petition of U.S. Steel Corp.*, 479 F.2d 489, 493 (6th Cir.), cert. denied, 414 U.S. 859, 94 S. Ct. 71, 38 L. Ed. 2d 110 (1973)). The trial court is required to "implement both the letter and the spirit" of the appellate court's mandate, "taking into account the appellate court's opinion and the circumstances it embraces." *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995).

*Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006).

In order for the Sixth Circuit to be able to assure itself from the electronic record in that this Court has complied with the Mandate in this case, the Magistrate Judge believes the record must be more formally completed. Accordingly,

1. Warden Shoop had custody of Petitioner pursuant to the judgment of the Hamilton County Court of Common Pleas. Since that Court has vacated the relevant judgment, Warden Shoop is ordered to file, not later than August 30, 2019, a certificate to this Court that Petitioner is no longer in his custody pursuant to that judgment.

2.   Not later than August 30, 2019, Trial Attorney Leikala shall file with this Court a certified copy of the Entry Vacating Conviction and copies (which need not be certified) of any docket entries showing that the case is in trial.

The purpose of this Order is, again, only to complete the record in this Court and not to interfere in any way with the pending state court case.

August 7, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge